IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **ANTHONY BLACK,** *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Case No.: DLB-19-201 |
| **REVIERA ENTERPRISES, INC.,** | * | |
| Defendant, | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Anthony Black and other similarly situated employees filed this collective action against their employer, Reviera Enterprises, Inc. ("Reviera"), claiming that Reviera failed to pay them standard time pay and overtime pay in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219, the Maryland Wage and Hour Law ("MWHL"), Md. Code Ann., Lab. & Empl. §§ 3-401 to 3-430, and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann., Lab. & Empl. §§ 3-501 to 3-509. *See* Am. Compl., ECF 3. On October 22, 2020, the parties filed a joint motion for court approval of their settlement agreement. *See* Jt. Mot., ECF 66. I find the settlement amount and terms, including the payments to plaintiffs and attorneys' fees, are reasonable and fair in light of the facts of this case.

**I.    Background**

Plaintiffs worked for Reviera as non-exempt employees at all relevant times. Am. Compl. ¶ 21. Plaintiffs allege Reviera failed to pay their straight-time and overtime wages in violation of state and federal law. *Id.* ¶¶ 63–64. The Settlement Agreement ("Agreement") releases and discharges defendant from "any further lawsuit or action of any kind by Plaintiffs to obtain recovery . . . based on each and all Released Claims, including but not limited to, the allegations

in the Complaint and Amended Complaint in the Action." *See* Agr. 10, ECF 66-1. The gross settlement amount of the Agreement is $70,000.00, which includes attorneys' fees and costs. *Id.* at 7.

## II.   Discussion

The FLSA was enacted to protect workers from "substandard wages and excessive hours" that resulted from unequal bargaining power between employers and employees. *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). To protect workers from the ill-effects of unequal bargaining power, "[t]he FLSA does not permit settlement or compromise over alleged FLSA violations" unless there is "(1) supervision by the Secretary of Labor or (2) a judicial finding that the settlement reflects 'a reasonable compromise of disputed issues' rather than 'a mere waiver of statutory rights brought about by an employer's overreaching.'" *Elejalde v. Perdomo Constr. & Mgmt. Serv., LLC*, No. GJH-14-3278, 2016 WL 6304660, at *1 (D. Md. Oct. 27, 2016) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)).

The Fourth Circuit has not decided the factors to determine whether an FLSA settlement should be approved. However, this Court typically adopts the standard set forth in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), in which the Eleventh Circuit stated that a settlement must be "a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *See Elejalde*, 2016 WL 6304660, at *1 (quoting *Lynn's Food Stores, Inc.*, 679 F.2d at 1355); *see also Duprey v. Scotts Co. LLC*, 30 F. Supp. 3d 404, 407 (D. Md. 2014); *Saman v. LBDP, Inc.*, No. DKC-12-1083, 2013 WL 2949047, at *3 (D. Md. June 13, 2013). Specifically, the Court considers: "(1) whether there are FLSA issues actually in dispute, (2) the fairness and reasonableness of the settlement in light of the relevant factors from Rule 23, and (3) the reasonableness of the attorneys' fees, if included in the agreement." *Duprey*, 30 F. Supp. 3d at

408 (citing *Saman*, 2013 WL 2949047, at *3 (citing *Lynn's Food Stores,* 679 F.2d at 1355; *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 08-1310, 2009 WL 3094955, at *10 (E.D. Va. Sept. 28, 2009); *Lane v. Ko–Me, LLC,* No. DKC-10-2261, 2011 WL 3880427, at *2–3 (D. Md. Aug. 31, 2011))). In *Duprey*, this Court explained that "these factors are most likely to be satisfied where there is an 'assurance of an adversarial context' and the employee is 'represented by an attorney who can protect [his] rights under the statute.'" *See id.* (quoting *Lynn's Food Stores*, 679 F.2d at 1354).

### 1. *Bona Fide* Dispute

To determine whether a *bona fide* dispute under the FLSA exists, this Court reviews the pleadings, the recitals in the Agreement, and other court filings in the case. *See id. at* 408. There are several issues that both parties genuinely dispute. *See* Jt. Mot. 6. Significantly, the parties dispute whether the defendant owes plaintiff any unpaid wages and overtime. *Id.*

### 2. Fairness & Reasonableness

To determine whether an FLSA settlement is fair and reasonable, the Court considers:

(1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiff[]; (5) the opinions of class counsel . . . ; and (6) the probability of plaintiff['s] success on the merits and the amount of the settlement in relation to the potential recovery.

*Yanes v. ACCEL Heating & Cooling, LLC*, No. PX-16-2573, 2017 WL 915006, at *2 (D. Md. Mar. 8, 2017) (quoting *Lomascolo*, 2009 WL 3094955, at *10). These factors are applied here.

First, the parties have engaged in informal and formal discovery. They propounded and responded to multiple sets of interrogatories and produced thousands of pages of documents. *See* Jt. Mot. 4, 6.

3

Second, the settlement was negotiated after extensive written discovery but before any depositions. This timing was purposeful. The parties recognize the remaining discovery is "substantial," including the depositions of the three plaintiffs and at least five of Reviera's employees and the issuance of subpoenas *duces tecum*. Jt. Mot. 7. The remaining discovery would require a significant investment of time and effort and would be expensive for both sides. *Id.*

Third, there is no evidence of fraud or collusion in the settlement. The parties spent two days negotiating a settlement before the undersigned. *Id.* at 5–6. Before the settlement conferences, they had sufficient opportunities to "obtain and review evidence" and "to evaluate their claims and defenses." *Id.* at 6. Armed with this information, the parties engaged in "informed arms-length settlement negotiations with the understanding that it would be a difficult and costly undertaking to proceed to the trial of this case." *See Yanes*, 2017 WL 915006, at *2 (quoting *Lomascolo*, 2009 WL 3094955, at *11).

Fourth, the parties are represented by competent and experienced counsel. *See* Jt. Mot. 7. Plaintiffs' counsel's practice is devoted almost exclusively to FLSA cases. Defendant is represented by experienced counsel from a relatively large law firm that handles litigation on behalf of large and small companies.

The fifth factor – the opinions of class counsel – is not relevant because this is a collective action, not a class action. *See Lomascolo*, 2009 WL 3094955, at *10.

Regarding the sixth factor, the parties agree that the $70,000.00 settlement amount, including $18,000.00 in attorneys' fees and costs, "represents a significant recovery, as compared to the best possible recovery for the Plaintiffs, particularly considering the risks of litigation and the strengths and weaknesses of the Parties' claims and defenses." Jt. Mot. 7. It is noteworthy

that "Defendant denies it owes Plaintiffs any unpaid wages, raised multiple defenses, and disputes the hours Plaintiffs allege they worked, based on Defendant's payroll and other records." *Id.* at 6.

Upon consideration of these factors, the Court finds the settlement to be fair and reasonable.

### 3. Attorneys' Fees

The Court also must determine whether the attorneys' fees and costs are reasonable. *See Lopez v. XTEL Const. Grp., LLC*, 838 F. Supp. 2d 346, 348 (D. Md. 2012). The Agreement provides for attorneys' fees and costs of $18,000.00. When the Court calculates an award of attorney's fees, it must determine the lodestar amount, defined as a "reasonable hourly rate multiplied by hours reasonably expended." *See Lopez*, 838 F. Supp. 2d at 348. The Fourth Circuit addressed specific factors district courts should consider in determining the reasonableness of the fee in *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978). They are:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Barber*, 577 F.2d at 226 n.28.

Here, plaintiffs' counsel agreed to accept $18,000 for fees and costs. *See* Jt. Mot. 7. They did not submit to the Court their hourly rates or the number of hours they worked on the case. However, the amount of attorneys' fees in the Agreement is at least $20,000 less than the actual fees and costs incurred as of the settlement. *See id.* The Court understands that the fees represent pre-suit investigation and preparation and post-filing prosecution of the case. Two seasoned attorneys worked on this case, with lion's share of the work performed by the less expensive

5

attorney. In light of the extensive work performed on the case and the more than 50% reduction in fees that counsel has accepted, the Court finds the attorneys' fees and costs are fair and reasonable.

## **ORDER**

For the reasons stated above, it, this 6th day of November, 2020, hereby ORDERED that:

1. The Joint Motion for Approval of Settlement, ECF 66, is GRANTED.
2. The Clerk is DIRECTED to CLOSE THE CASE.

/S/
Deborah L. Boardman
United States Magistrate Judge